ACCEPTED
14-18-00351-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/17/2018 8:56 PM
CHRISTOPHER PRINE
CLERK

| **Appellate Docket Number:** | |
|---|---|
| **Appellate Case Style:** | Ronnie Harmon and Roy H. Beck, Jr. |
| **Vs.** | Cyrus M. Cormier and Bridget W. Cormier |
| **Companion Case(s):** | Cause No. 2017-26712; Cyrus M. Cormier and Bridget W. Cormier v. Ronnie Harmon and Roy H. Beck, Jr., In the 129th Judicial District Court of Harris County, Texas |

Amended/Corrected Statement

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/17/2018 8:56:06 PM
CHRISTOPHER A. PRINE
Clerk

# DOCKETING STATEMENT (Civil)

Appellate Court: 14th Court of Appeals

(to be filed in the court of appeals upon perfection of appeal under TRAP 32)

*NOTE: Because space for additional parties / attorneys is limited on this form, you can include the information on a separate document. As per TRAP 32.1 and 9.4, please include party's name and the name, address, email address, telephone number, fax number, if any, and State Bar Number of the party's lead counsel. If the party is not represented by an attorney, that party's name, address, telephone number, fax number should be provided.*

| **I. Appellant** | **II. Appellant Attorney(s) - Continued** |
|---|---|
| ✕ Person      Organization | ☐ Lead Attorney          Select |
| Name: Ronnie Harmon and Roy H. Beck, Jr. | Name: |
| Pro Se | Bar No. |
| *If Pro Se Party, enter the following information:* | Firm Name: |
| Address: | Address 1: |
| City/State/Zip: | Address 2: |
| Tel.          Ext.          Fax: | City/State/Zip: |
| Email: | Tel.          Ext.          Fax: |
| **II. Appellant Attorney(s)** | Email: |
| ✕ Lead Attorney          Retained | ☐ Lead Attorney          Select |
| Name: Alicia M. Matsushima | Name: |
| Bar No. 24002546 | Bar No. |
| Firm Name: Matsushima Garner PLLC | Firm Name: |
| Address 1: 2525 Robinhood St. | Address 1: |
| Address 2: | Address 2: |
| City/State/Zip: Houston, Texas 77005 | City/State/Zip: |
| Tel. (713) 955-4559    Ext.      Fax: | Tel.          Ext.          Fax: |
| Email: alicia@matsgarner.com | Email: |
| ☐ Lead Attorney          Select | ☐ Lead Attorney          Select |
| Name: | Name: |
| Bar No. | Bar No. |
| Firm Name: | Firm Name: |
| Address 1: | Address 1: |
| Address 2: | Address 2: |
| City/State/Zip: | City/State/Zip: |
| Tel.          Ext.          Fax: | Tel.          Ext.          Fax: |
| Email: | Email: |

| III.  Appellee | IV.  Appellee Attorney(s) - Continued |
|---|---|
| ✕ Person    Organization |    Lead Attorney       Select |
| Name: | Name: |
|     Pro Se | Bar No. |
| *If Pro Se Party, enter the following information:* | Firm Name: |
| Address: | Address 1: |
| City/State/Zip: | Address 2: |
| Tel.       Ext.     Fax: | City/State/Zip: |
| Email: | Tel.      Ext.    Fax: |
| **IV.  Appellee Attorney(s)** | Email: |
| ✕ Lead Attorney     Retained | |
| Name:  Preston C. Goodwin |    Lead Attorney       Select |
| Bar No. 08185300 | Name: |
| Firm Name:  Goodwin & Harrison, LLP | Bar No. |
| Address 1: P.O. Box 8278 | Firm Name: |
| Address 2: | Address 1: |
| City/State/Zip: The Woodlands, Texas 77387-8278 | Address 2: |
| Tel. (281) 363-3136   Ext.    Fax:  (281) 363-3215 | City/State/Zip: |
| Email: preston@goodwin-harrison.com | Tel.      Ext.    Fax: |
| | Email: |
|    Lead Attorney      Select | |
| Name: |    Lead Attorney       Select |
| Bar No. | Name: |
| Firm Name: | Bar No. |
| Address 1: | Firm Name: |
| Address 2: | Address 1: |
| City/State/Zip: | Address 2: |
| Tel.      Ext.    Fax: | Tel.      Ext.    Fax: |
| Email: | Fax: |
| | Email: |

## V. Perfection of Appeal, Judgment and Sentencing

Nature of Case (Subject matter or type of case): Real Property

Date Order or Judgment signed: 01/31/2018                    Type of Judgment: Summary Judgment

Date Notice of Appeal filed in Trial Court: 04/30/2018

    If mailed to the Trial Court clerk, also give the date mailed:

Interlocutory appeal of appealable order:        Yes    ✕ No

    If yes, please specify statutory or other basis on which interlocutory order is appealable (See TRAP 28):

---

Accelerated Appeal (See TRAP 28):        Yes    ✕ No

    If yes, please specify statutory or other basis on which appeal is accelerated:

---

Parental Termination or Child Protection? (See TRAP 28.4):        Yes    ✕ No

Permissive? (See TRAP 28.3):        Yes    ✕ No

    If yes, please specify statutory or other basis for such status:

---

Agreed? (See TRAP 28.2):        Yes    ✕ No

    If yes, please specify statutory or other basis for such status:

---

Appeal should receive precedence, preference, or priority under statute or rule?        Yes    ✕ No

    If yes, please specify statutory or other basis for such status:

---

Does this case involve an amount under $100,000?            ✕ Yes        No

Judgment or Order disposes of all parties and issues?        ✕ Yes        No

Appeal from final judgment?                ✕ Yes        No

Does the appeal involve the constitutionality or the validity of a statute, rule, or ordinance?        Yes    ✕ No

## VI. Actions Extending Time To Perfect Appeal

Motion for New Trial:            ✕ Yes        No        If yes, date filed: 03/02/2018

Motion to Modify Judgment:        Yes    ✕ No        If yes, date filed:

Request for Findings of Fact and Conclusions of Law:

    Yes    ✕ No        If yes, date filed:

Motion to Reinstate:            Yes    ✕ No        If yes, date filed:

Motion under TRCP 306a:        Yes    ✕ No        If yes, date filed:

Other:                Yes    ✕ No

    If Other, please specify:

## VII. Indigency of Party (Attach file stamped copy of Statement and copy of the trial court order.)

Was Statement of Inability to Pay Court Costs filed in the trial court?      Yes  × No

   If yes, date filed:

Was a Motion Challenging the Statement filed in the trial court?      Yes  × No

   If yes, date filed:

Was there any hearing on appellant's ability to afford court costs?      Yes  × No

   Hearing Date:

Did trial court sign an order under Texas Rule of Civil Procedure 145?      Yes  × No

   Date of Order:

   If yes, trial court finding:      Challenge Sustained      Overruled

## VIII. Bankruptcy

Has any party to the court's judgment filed for protection in bankruptcy which might affect this appeal?

     Yes  × No

   If yes, please attach a copy of the petition.

   Date bankruptcy filed:

   Bankruptcy Case Number:

## IX. Trial Court and Record

| | |
|---|---|
| Court: 129th | **Clerk's Record** |
| County: Harris | Trial Court Clerk: ✓ District     County |
| Trial Court Docket No. (Cause No.): <br>   2017-26712 | Was Clerk's record requested? ✓ Yes    No |
| Trial Court Judge (who tried or disposed of the case): |   If yes, date requested: 05/08/2018 |
|   Name: Michael Gomez |   If no, date it will be requested: |
|   Address 1: 201 Caroline St. 10th Floor | Were payment arrangements made with clerk? |
|   Address 2: |   ✓ Yes    No     Indigent |
|   City/State/Zip: Houston, Texas 77002 | **(Note: No request required under TRAP 34.5(a),(b).)** |
|   Tel. (832) 927-2500 Ext.    Fax: (832) 927-2506 | |
|   Email: jonathan.patton@hcdistrictclerk.com | |

## IX. Trial Court and Record - Continued

**Reporter's or Recorder's Record**

Is there a Reporter's Record?  × Yes    No

Was Reporter's Record requested?  × Yes    No

     If yes, date requested: 05/08/2018

     If no, date it will be requested:

Was the Reporter's Record electronically recorded?  × Yes    No

Were payment arrangements made with the court reporter/court recorder?  × Yes    No    Indigent

| | |
|---|---|
| × Court Reporter     Court Recorder<br>   Official            Substitute<br>Name: Tamra Parks<br>Address 1: 13414 Travis Heights Lane<br>Address 2:<br>City/State/Zip: Houston, Texas 77059<br>Tel. (832) 217-0639 Ext.      Fax:<br>Email: tamraparks@gmail.com |    Court Reporter     Court Recorder<br>   Official            Substitute<br>Name:<br>Address 1:<br>Address 2:<br>City/State/Zip:<br>Tel.           Ext.      Fax:<br>Email: |

## X. Supersedeas Bond

Supersedeas bond filed?    Yes    No

   If yes, date filed:

   If no, will file?  × Yes    No

## XI. Extraordinary Relief

Will you request extraordinary relief (e.g., temporary or ancillary relief) from this Court?    Yes  × No

   If yes, briefly state the basis for your request:

## XII. Alternative Dispute Resolution/Mediation
### (Complete section if filing in the 1st, 2nd, 5th, 6th, 8th, 10th, 13th, or 14th Court of Appeals.)

Should this appeal be referred to mediation?     Yes   × No

  If no, please specify: Appellants believe that mediation will not resolve this case.

Has this case been through an ADR procedure?     Yes   × No

  If yes, who was the mediator?

  What type of ADR procedure?

  At what stage did the case go through ADR?     Pre-Trial     Post-Trial     Other

    If other, please specify:

Type of Case?  Real Property

  Give a brief description of the issue to be raised on appeal, the relief sought, and the applicable standard for review, if known (without prejudice to the right to raise additional issues or request additional relief):

  The trial court committed reversible error when it construed the August 24, 2016 general warranty deed (GWD) conveying the disputed property at issue (a 77 foot tract) to the Appellees, Cyrus Cormier and Bridget Cormier. Appellants seek reversal of the Court's January 30, 2018 judgment.  The standard of review is de novo.
  Please see detailed response at bottom of page 8.

How was the case disposed of? Summary Judgment

Summary of relief granted, including amount of money judgment, and if any, damages awarded.

  If money judgment, what was the amount? Actual damages:

  Punitive (or similar) damages:

  Attorney's fees (trial):

  Attorney's fees (appellate):

  Other:

    If other, please specify: Judgment awarding disputed property to Appellees.

Will you challenge this Court's jurisdiction?     Yes   × No

Does judgment have language that one or more parties "take nothing"?     Yes   × No

Does judgment have a Mother Hubbard clause?   × Yes     No

Other basis for finality:

| XII. Alternative Dispute Resolution/Mediation - Continued |
|---|
| **(Complete section if filing in the 1st, 2nd, 5th, 6th, 8th, 10th, 13th, or 14th Court of Appeals.)** |

Rate the complexity of the case (use 1 for least and 5 for most complex):     1     2  × 3     4     5

Please make my answer to the preceding questions known to other parties in this case?  × Yes       No

Can the parties agree on an appellate mediator?     Yes  × No

    If yes, please give the name, address, telephone, fax, and email address:

    Name:

    Address:

    Telephone:                               Ext.

    Fax:

    Email:

Languages other than English in which the mediator should be proficient:


Name of the person filling out mediation section of docketing statement:
  Alicia M. Matsushima

---

## XIII. Related Matters

List any pending or past related appeals before this, or any other Texas Appellate Court, by Court, Docket, and Style.

Court: Select Appellate Court                    Docket:

Style:

  Vs.

Court: Select Appellate Court                    Docket:

Style:

  Vs.

Court: Select Appellate Court                    Docket:

Style:

  Vs.

Court: Select Appellate Court                    Docket:

Style:

  Vs.

Court: Select Appellate Court                    Docket:

Style:

  Vs.

Court: Select Appellate Court                    Docket:

Style:

  Vs.

| **XIV. Pro Bono Program:** |
| --- |
| **(Complete section if filing in the 1st, 2nd, 3rd, 5th, 7th, 13th or 14th Court of Appeals.)** |

The Courts of Appeals listed above, in conjunction with the State Bar of Texas Appellate Section Pro Bono Committee and local Bar Associations, are conducting a program to place a limited number of civil appeals with appellate counsel who will represent the appellant in the appeal before this Court.

The Pro Bono Committee is solely responsible for screening and selecting the civil cases for inclusion in the Program based upon a number of discretionary criteria, including the financial means of the appellant or appellee. If a case is selected by the Committee, and can be matched with appellate counsel, that counsel will take over representation of the appellant or appellee without charging legal fees. More information regarding this program can be found in the Pro Bono Program Pamphlet available in paper form at the Clerk's Office or on the Internet at http://www.tex-app.org. If your case is selected and matched with a volunteer lawyer, you will receive a letter from the Pro Bono Committee within thirty (30) to forty-five (45) days after submitting this Docketing Statement.

Note: there is no guarantee that if you submit your case for possible inclusion in the Pro Bono Program, the Pro Bono Committee will select your case and that pro bono counsel can be found to represent you. Accordingly, you should not forego seeking other counsel to represent you in this proceeding. By signing your name below, you are authorizing the Pro Bono committee to transmit publicly available facts and information about your case, including parties and background, through selected Internet sites and Listserv to its pool of volunteer appellate attorneys.

Do you want this case to be considered for inclusion in the Pro Bono Program? ☐ Yes ☒ No

Do you authorize the Pro Bono Committee to contact your trial counsel of record in this matter to answer questions the committee may have regarding the appeal? ☐ Yes ☐ No

Please note that any such conversations would be maintained as confidential by the Pro Bono Committee and the information used solely for the purposes of considering the case for inclusion in the Pro Bono Program.

If you have not previously filed a Statement of Inability to Pay Court Costs and attached a file-stamped copy of that Statement, does your income exceed 200% of the U.S. Department of Health and Human Services Federal Poverty Guidelines? ☐ Yes ☐ No

These guidelines can be found in the Pro Bono Program Pamphlet as well as on the internet at http://aspe.hhs.gov/poverty/06poverty.shtml.

Are you willing to disclose your financial circumstances to the Pro Bono Committee? ☐ Yes ☐ No

If yes, please attach a Statement of Inability to Pay Court Costs completed and executed by the appellant or appellee. Sample forms may be found in the Clerk's Office or on the internet at http://www.tex-app.org. Your participation in the Pro Bono Program may be conditioned upon your execution of a Statement under oath as to your financial circumstances.

---

Give a brief description of the issues to be raised on appeal, the relief sought, and the applicable standard of review, if known (without prejudice to the right to raise additional issues or request additional relief; use a separate attachment, if necessary).

The trial court committed reversible error when it construed the August 24, 2016 general warranty deed (GWD) conveying the disputed property at issue (a 77 foot tract) to the Appellees, Cyrus Cormier and Bridget Cormier. The Appellees were conveyed a 78 foot tract "together with the East Nineteen Feet (19')" of the 77 foot tract. The trial court incorrectly ruled that the GWD conveyed to the Appellees the entire 77 foot tract, not just the East Nineteen Feet (19') of the 77 foot tract. Appellants dispute the trial court's incorrect construction of the GWD. The standard of review is de novo. Appellants request that the Court of Appeals reverse the trial court's January 30, 2018 judgment declaring that Appellees have title to the entire 77 foot tract under the GWD and grant all further relief to which Appellants are justly entitled.

## XV.  Signature

| | |
|---|---|
| Signature of counsel (or Pro Se Party) | Date |
| | May 17, 2018 |
| Printed Name | State Bar No. |
| Alicia M. Matsushima | 24002546 |
| Electronic Signature (Optional) | Name |

## XVI.  Certificate of Service

The undersigned counsel certifies that this Docketing Statement has been served on the following lead counsel for all parties to the Trial Court's Order or Judgment as follows on:

| | |
|---|---|
| Signature of counsel (or Pro Se Party) | Electronic Signature (Optional) |
| 24002546 | |
| State Bar No. | |

Certificate of Service Requirements (TRAP 9.5(e)): A certificate of service must be signed by the person who made the service and must state:

       (1)  the date and manner of service;
       (2)  the name and address of each person served, and
       (3)  if the person served is a party's attorney, the name of the party represented by the attorney.

## Please enter the following for each person served:

Date Served: 05/17/2018

Manner Served: eServe

Name: Preston C. Goodwin

Bar No. 08185300

Firm Name: Goodwin & Harrison, LLP

Address 1: P.O. Box 8278

Address 2:

City/State/Zip: The Woodlands, Texas 77387-8278

Tel. (281) 363-3136    Ext.        Fax: (281) 363-3215

Email: preston@goodwin-harrison.com

Party:   Appellees, Cyrus Cormier and Bridget Cormier

---

Date Served:

Manner Served: Select

Name:

Bar No.

Firm Name:

Address 1:

Address 2:

City/State/Zip:

Tel.        Ext.        Fax:

Email:

Party:

---

Date Served:

Manner Served: Select

Name:

Bar No.

Firm Name:

Address 1:

Address 2:

City/State/Zip:

Tel.        Ext.        Fax:

Email:

Party:

---

Date Served:

Manner Served: Select

Name:

Bar No.

Firm Name:

Address 1:

Address 2:

City/State/Zip:

Tel.        Ext.        Fax:

Email:

Party:

---

Date Served:

Manner Served: Select

Name:

Bar No.

Firm Name:

Address 1:

Address 2:

City/State/Zip:

Tel.        Ext.        Fax:

Email:

Party: